UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWN B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5203-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting opinions of a treating physician and discounting Plaintiff's subjective testimony. (Dkt. # 13 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1971, has a high school diploma, and previously worked as a child support officer and benefits eligibility worker. AR at 54-58. Plaintiff was last gainfully employed in June 2017. *Id.* at 17.

ORDER - 1

In December 2016, Plaintiff applied for benefits, alleging disability as of July 20, 2014. AR at 209-10. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 138-44, 146-54. After the ALJ conducted a hearing in October 2018 (*id*. at 36-99), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-30.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: left shoulder tendinopathy and osteoarthritis, status post arthroscopy; right shoulder osteoarthritis; mild to moderate chondromalacia of the right knee; avulsion fracture of the right distal fibular; obesity; tear of peroneus bravis; moderate degenerative disc disease of the cervical spine; and post-traumatic stress disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: she can stand/walk for four hours total in an eight-hour workday. She can occasionally push/pull with the left arm. She cannot reach overhead bilaterally. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps/stairs, balance, stoop, kneel, and crouch. She cannot be exposed to extreme cold, vibrations, or hazards. She can perform simple, routine tasks. She can have occasional public contact.

Step four: Plaintiff cannot perform her past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 15-30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-8. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 3.)

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.     The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony**

The ALJ discounted Plaintiff's subjective allegations because (1) the medical record is inconsistent with Plaintiff's allegations; (2) Plaintiff made inconsistent statements; (3) Plaintiff did not fully comply with treatment recommendations; (4) Plaintiff received unemployment benefits during a time that she claimed to be disabled; and (5) Plaintiff reported that she required

help to complete her activities of daily living but lives with her boyfriend, who receives disability benefits for physical limitations. AR at 21-25. Plaintiff contends that the ALJ failed to provide clear and convincing reasons to discount her testimony, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### 1. Inconsistent Medical Evidence

The ALJ summarized the medical evidence, noting that one of Plaintiff's treating surgeons found her "pain levels are out of proportion to what I would expect" in December 2014 (AR at 595) and that the record contains many normal objective findings or only mildly abnormal findings that were inconsistent with the degree of limitation Plaintiff alleged. *Id*. at 22-24. Plaintiff contends that the ALJ erred in failing to cite any particular evidence that is inconsistent with her allegations. (Dkt. # 13 at 15.)

Plaintiff's argument addresses only the ALJ's summary of her findings, and does not address the ALJ's discussion of the medical evidence. (Dkt. # 13 at 14-15 (citing AR at 21).) The ALJ first summarized her reasons for discounting Plaintiff's allegations (AR at 21-22) and then went on to address the evidence supporting each reason (*id*. at 22-25). The ALJ contrasted Plaintiff's reports with evidence of her normal gait, full shoulder strength, good range of motion in her neck, normal x-rays, and normal mental status examination findings. *See id*. at 22-24. The ALJ did not err in pointing to medical evidence that contradicts Plaintiff's allegations in discounting her allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.")

Plaintiff also challenges the ALJ's finding regarding evidence of her complaints being out of proportion with the evidence, arguing that the ALJ took her surgeon's comment out of

context (dkt. # 15 at 6), this argument is not persuasive in light of another physician's finding that Plaintiff's "subjective complaints are out of proportion to objective findings", based on a November 2017 review of Plaintiff's record. AR at 128. Plaintiff contends that evidence subsequent to the surgeon's comment demonstrates that her complaints were not out of proportion (dkt. # 15 at 6), but this alternative interpretation of the evidence does not show that the ALJ's summary of the medical record was unreasonable.

The ALJ also cited evidence that Plaintiff returned to work in 2017 and although she claims that she reinjured herself at work in April 2017, she nonetheless continued to work until June 2017 and imaging did not reveal any evidence of an acute fracture or dislocation, and the record does not show that any permanent work restrictions resulted from the April 2017 injury. AR at 23. The ALJ went on to summarize Plaintiff's treatment records for the subsequent months, and found that Plaintiff eventually had surgery on her right ankle and knee and that her doctor released her to perform her previous job without any work modifications. *Id.* at 24 (citing *id.* at 994).

Plaintiff argues that her work attempt in 2017 does not undermine her allegation of disability because she was unable to sustain that job due to another injury, and instead only demonstrates her desire to work. (Dkt. # 13 at 18-19.) The Court agrees that the fact that Plaintiff returned to work in 2017 does not alone undermine her allegation of disability because she was not successful in sustaining that work, but the ALJ did not err in referencing Plaintiff's treatment record during this time and reasonably found that Plaintiff's treatment record contained findings inconsistent with her allegations and demonstrating some non-compliance. AR at 23-24. Considering the context in which the ALJ discussed Plaintiff's return to work in 2017, Plaintiff has not shown that the ALJ erred in interpreting the evidence.

2.   *Inconsistent Statements*

Next, the ALJ found that Plaintiff's inconsistent statements regarding her symptoms undermined the reliability of her allegations. AR at 21. Specifically, the ALJ noted that Plaintiff alleged that she needed to use a cane to walk, but her records repeatedly indicated that she had a normal gait without using an assistive device. *Id*. at 23-24. The ALJ also found that although Plaintiff reported experiencing visual hallucinations, the record contained no documented reports of such hallucinations. *Id*. at 24.

The ALJ also contrasted Plaintiff's alleged knee problems with her reports to providers that she was walking her dog for at least 20 minutes at a time four times per week, and was also exercising at a gym, swimming, gardening, and taking Zumba classes. AR at 23 (citing *id*. at 556, 565, 598). These activities are inconsistent with the severe walking and standing limitations Plaintiff described in her agency paperwork. *See id*. at 283 (Plaintiff's report that she can walk for only 1-5 minutes at a time and must use a cane whenever walking or standing). Plaintiff has not shown that the ALJ erred in relying on these inconsistencies as a reason to discount her testimony. *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

3.   *Failure to Comply*

The ALJ found that evidence of Plaintiff's non-compliance with treatment recommendations also undermined the reliability of her allegations because "it is reasonable to expect that an individual with [Plaintiff's] reported level of symptomatology would be compliant with all recommended treatment[.]" AR at 22. Specifically, the ALJ noted that Plaintiff had no-showed at physical therapy appointments, did not always comply with her doctor's recommendation to wear a walking boot for ankle symptoms, and did not consistently take her

psychotropic medication. *Id*. at 22-24.

Plaintiff argues that her failure to make physical therapy appointments was due to her dissatisfaction with one of her physical therapists, but that she made appointments elsewhere and thus did not fail to comply with recommended treatment. (Dkt. # 13 at 15-16.) The record does suggest that Plaintiff switched physical therapists shortly after her doctor noted that she had no-showed for some of her physical therapy appointments. AR at 593.

But even if the record does not support the ALJ's finding that Plaintiff failed to comply with recommended physical therapy, Plaintiff has not shown that the ALJ erred in finding that she did not consistently comply with her doctor's recommendation to wear a walking boot (AR at 875, 899, 917, 922) or that she did not consistently comply with her psychotropic medication regimen (*id*. at 396, 399, 403). This evidence supports the ALJ's finding of non-compliance, and the ALJ did not err in discounting Plaintiff's allegations based on that evidence. *See Molina*, 674 F.3d at 1113-14.

    *4. Unemployment Benefits*

The ALJ cited evidence showing that Plaintiff received unemployment benefits in 2017 (during the adjudicated period) and found this undermined her allegation of disability because in order to receive unemployment benefits, Plaintiff was required to certify that she was able to work. AR at 23. At the administrative hearing, Plaintiff denied receiving unemployment benefits since July 2014 (*id*. at 54), and Plaintiff contends in her briefing that she would not have been eligible to receive unemployment benefits in 2017. (Dkt. # 13 at 18.) Plaintiff concedes that the record shows that she was paid unemployment benefits in 2017 (dkt. # 13 at 17-18 (citing AR at 224)), but argues that the ALJ erred in relying on that evidence in light of her denial that she received benefits.

This argument is not persuasive. The wage report (AR at 224) amply supports the ALJ's finding that Plaintiff received unemployment benefits during a time which she claimed to be disabled, and this evidence undermines her allegation of disability. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim for disability, as it shows an applicant holds himself out as capable of working.").

        5.       *Daily Activities*

The ALJ noted that Plaintiff claimed to have "quite limited" daily activities. AR at 24. The ALJ found that Plaintiff's self-reported activities could not be objectively verified, and the ALJ questioned the accuracy of Plaintiff's reports in light of the "relatively weak medical evidence" as well as Plaintiff's reports that she relies on others for help with her activities, even though her boyfriend (whom she lives with) is disabled with physical issues. *Id*.

Plaintiff argues that the ALJ's finding does not identify any particular inconsistency, and instead relies on speculation that Plaintiff shares household responsibilities with her boyfriend. (Dkt. # 13 at 17.) The Court agrees that the ALJ's findings regarding Plaintiff's activities are not sufficiently specific to explain why Plaintiff's activities undermine her allegations of disability. This error is harmless, however, considering the other valid reasons provided by the ALJ. *See Carmickle*, 533 F.3d at 1162-63.

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective allegations, the Court affirms this portion of the ALJ's decision.

    **B.**       **The ALJ Did Not Err in Discounting a Treating Physician's Opinions**

Christopher Godbout, M.D., treated Plaintiff in the course of her workers' compensation claim and provided multiple opinions regarding Plaintiff's symptoms, limitations, and ability to perform her prior jobs. The ALJ noted that Dr. Godbout opined in January 2017, February 2017,

ORDER - 8

and June 2018 that Plaintiff could return to her prior job, and that limitations he indicated at other times were either not work-preclusive or only temporary. AR at 26-27. The ALJ found that the State agency reviewing physician's opinion was more reliable than Dr. Godbout's opinions because it was more consistent with the longitudinal record. *Id*. at 27. The ALJ also referenced multiple "activity prescription" forms written[3] between December 2014 and August 2017, and found that these descriptions of Plaintiff's work restrictions were temporary "limited snapshots," did not reference any objective findings that supported the restrictions, and mostly reflected Plaintiff's self-reporting. *Id*. at 28.

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[4] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff argues that the ALJ erred in discounting the "activity prescription" form opinions, arguing that even if each individual form opinion did not indicate that Plaintiff's limitations would meet the disability duration requirement, if the forms were considered as a

---

[3] The ALJ found that the author(s) of these forms is unclear due to illegible handwriting, but considered them as written by "treating providers." AR at 28. Plaintiff contends that all of the forms were written by Dr. Godbout, a point which the Commissioner does not directly dispute. (Dkt. # 14 at 10.) Plaintiff has not established that the lack of clarity as to the author of the "activity prescription" forms led to any prejudicial error in the ALJ's decision.

[4] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

ORDER - 9

group, they suggest that Plaintiff was not able to perform light work as the ALJ stated in the RFC assessment. (Dkt. # 13 at 10.) Plaintiff has not shown that the ALJ's description of the "activity prescription" forms was inaccurate, however: each form covers a short period of time, some only apply for a matter of weeks, and some of them do not describe work-preclusive limitations. *See* AR at 820, 829, 896, 907, 934-35, 938-39, 942-43, 946-47, 950-51, 953-54, 956-57. That the forms explicitly reference limitations expected to last much shorter than the duration requirement for disability benefits is a valid reason to discount the forms. *See Carmickle*, 533 F.3d at 1165 (affirming ALJ's finding that treating physicians' short-term excuse from work was not indicative of "claimant's long term functioning").

Even if the form opinions are considered collectively, Plaintiff has not shown that any particular limitation was continuously and repeatedly mentioned in the "activity prescription" forms for a period of at least 12 months, and thus has failed to show that the ALJ erred in assessing the form opinions. *See* 42 U.S.C. § 423 (d)(1)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"); 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months).

Furthermore, Plaintiff has not shown that the ALJ erred in finding that the "activity prescription" forms were unsupported by any specific clinical findings. AR at 28. Although Plaintiff argues that the forms were supported by the treatment records, she fails to identify any treatment notes that reference the limitations indicated in the form opinions. (Dkt. # 13 at 11.) The treatment record certainly references shoulder and ankle impairments and treatment for these

conditions, but the treatment notes do not explain how the specific work limitations were determined.[5] Plaintiff contends that the ALJ erred in finding that the "record lacks objective findings" (dkt. # 13 at 12), but the ALJ did not so find: the ALJ found that the "activity prescription" forms do not contain objective findings to support the limitations indicated, and Plaintiff has not shown that this finding is erroneous.

Because the "activity prescription" forms describe temporary limitations and fail to reference objective findings that support the limitations indicated, the ALJ did not err in discounting those forms. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Furthermore, as noted by the Commissioner, Plaintiff's opening brief fails to assign error to the ALJ's assessment of Dr. Godbout's narrative opinions addressing Plaintiff's ability to perform her prior job in 2017 and 2018. *See* AR at 921, 926, 975, 979, 994. According to the Commissioner, the ALJ did not err in focusing on these opinions over the "activity prescription" forms because these opinions are more thoroughly explained. (Dkt. # 14 at 9-10.) In her reply brief, Plaintiff argues that the Commissioner overlooks the fact that her prior job was sedentary, and thus Dr. Godbout's opinion regarding her ability to perform that job does not support the ALJ's RFC assessment for light work with additional modifications. (Dkt. # 15 at 3.) This argument fails to account for Dr. Godbout's opinion that if Plaintiff were to perform a job other than her prior job, her only restrictions would be for climbing stairs, squatting, and kneeling on a seldom basis, and never crawling, which does not suggest that she is limited to sedentary work.

---

[5] In fact, some of the accompanying treatment notes indicate that Dr. Godbout found Plaintiff incapable of working in order to allow her to attend medical appointments, but not because she was unable to perform her work duties. *See* AR at 896-98, 921, 924, 926. Such treatment notes do not support Plaintiff's argument that Dr. Godbout identified work restrictions based on clinical findings.

AR at 994. Furthermore, in any event the ALJ explained (*id*. at 25) that she gave more weight to the State agency consultant's opinion, which is less restrictive than the ALJ's RFC assessment, and Plaintiff has failed to assign error to that finding. Accordingly, Plaintiff has failed to show that the ALJ's RFC assessment is not supported by substantial evidence.

Thus, although Plaintiff urges the Court to reweigh the "activity prescription" forms in a manner more favorable to her disability claim, she has failed to establish that the ALJ erred in interpreting these form opinions either viewed individually or in the context of the longitudinal record. Because the Court finds that the ALJ provided legally sufficient reasons to discount the "activity prescription" forms, and properly considered Dr. Godbout's multiple opinions in the context of the record as a whole, the Court rejects Plaintiff's assignment of error with respect to Dr. Godbout's opinions and/or the "activity prescription" forms.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge